# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IHSSAN BEYDOUN,

      Plaintiff,

v.

Case No. 09-10445
Hon. Lawrence P. Zatkoff

COUNTRYWIDE HOME LOANS, INC.,
COUNTRYWIDE FINANCIAL CORP.,
PHH MORTGAGE CORP., and
CHARTER ONE FINANCIAL, INC.,

      Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 23, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter comes before the Court on Defendant PHH Mortgage Corp.'s motion for summary judgment / dismissal [dkt 13]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's motion for summary judgment / dismissal is GRANTED.

## II. BACKGROUND

Plaintiff purchased property in 2000 for $405,000. In December 2004, he refinanced his

mortgage based on an appraisal of $611,400, resulting in a senior loan totaling $450,000 and a junior loan totaling $99,000. Countrywide Home Loans, Inc. serviced the senior loan, and Defendant serviced the junior loan on the property. At the time Plaintiff obtained these loans, he reportedly earned an income of about $2,000 per month. According to Plaintiff, Defendants assured him that he would be able to refinance the loans at any time after closing.

Plaintiff now brings suit, alleging that he "never should have been approved for the loans on the Property as they were structured." Plaintiff indicates that he is no longer able to make his monthly payments and that Defendants have been "wholly unresponsive" to his attempts to restructure the loans. On March 6, 2009, the parties stipulated to the dismissal of Defendant Countrywide Financial Corporation, and on April 24, 2009, the parties stipulated to the dismissal of Defendants Charter One Financial, Inc. and Countrywide Home Loans, Inc.

### III. LEGAL STANDARD

Defendant moves for dismissal pursuant to both Fed. R. Civ. P. 12(b)(6) and 56(c). A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Although all inferences must be drawn in favor of the nonmoving party, this Court bears no obligation to imagine favorable facts where the nonmoving party has alleged none. The moving party must also set forth facts sufficient to establish its case: "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Summary judgment is generally inappropriate when "the non-movant is not afforded a sufficient opportunity for discovery." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002) (quoting *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir.

1996)). In cases where a party alleges a need for further discovery, the non-movant bears the burden of informing the Court that additional discovery is required and "must file an affidavit pursuant to Fed. R. Civ. P. 56(f) that details the discovery needed, or file a motion for additional discovery." *Id.* If the non-movant makes such a showing, "the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." *Id.* (citing *White's Landing Fisheries v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994)).

## IV. ANALYSIS

Defendant argues that it acted only as the servicer on Plaintiff's junior loan and had no role whatsoever in the origination of that loan. Additionally, Defendant sets forth five arguments in support of its motion to dismiss. First, Defendant maintains that Plaintiff's claims arising under the Truth in Lending Act ("TILA") are barred by the statute of limitations. Next, Defendant contends that Plaintiff has failed to state a claim with respect to his slander-of-credit allegation. Third, Defendant avers that Plaintiff has failed to allege his fraud claim with particularity. In its fourth argument, Defendant states that Plaintiff breached his mortgage contract by defaulting on it. Finally, Defendant argues that Plaintiff's remaining state-law claims are derivative of his federal claims and should be dismissed along with them.

Plaintiff disputes that Defendant is a mere servicer of the junior mortgage and suggests that "initial discovery in this matter is likely to more fully uncover the roles played by [Defendant]." Plaintiff further argues that Defendant is liable on a continuing business relationship theory. Plaintiff does not respond specifically to Defendant's remaining contentions but argues primarily that Defendant's motion is premature because discovery has not commenced in this matter and that his claims are viable.

**A.     COUNT I: ACCOUNTING**

Plaintiff contends that "the amount of money due from Plaintiff to Defendant or vice versa is unknown to Plaintiff." Plaintiff maintains that he requested an accounting of the transactions related to his mortgage but never received the accounting. Defendant counters that it sent Plaintiff an accounting. Regardless of whether Plaintiff received an accounting prior to filing his complaint, Defendant has since made it available to Plaintiff as an exhibit to its motion. The Court therefore DISMISSES Count I as moot.

**B.     COUNT II: WRONGFUL FORECLOSURE**

Plaintiff avers that he has not defaulted on his mortgage and asks the Court to issue an injunction "preventing Defendant from instituting a foreclosure sale of the Property." The materials before the Court indicate that Defendant has not commenced foreclosure proceedings. Plaintiff's claim for wrongful foreclosure is therefore speculative, theoretical, and premature. Therefore, Plaintiff's Count II does not state a claim upon which relief may be granted. The Court DISMISSES Count II.

**C.     COUNT III: VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT**

In his complaint, Plaintiff alleges that Defendant violated the Michigan Consumer Protection Act ("MCPA") in a number of ways. Defendant argues that it is exempt from the MCPA because the statute does not apply to "transaction[s] or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Mich. Comp. Laws § 445.904(1)(a). The Michigan courts, Defendant further notes, have concluded that residential mortgage loan transactions qualify for the exemption. *See, e.g.*, *Newton v. Bank W.*, 686 N.W.2d 491, 494 (Mich. Ct. App. 2004).

Plaintiff does not address Defendant's exemption argument in his response brief. His failure to do so "constitutes waiver or abandonment of the argument." *Merit Med. Sys. v. Aspen Surgical Prods., Inc.*, No. 05-0040, 2007 U.S. Dist. LEXIS 17537, at *3–4 (W.D. Mich. Mar. 12, 2007) (citing *Posthumus v. Bd. of Educ. of Mona Shores Public Schs.*, 380 F. Supp. 2d 891, 902 (W.D. Mich. 2005)); *see also Ortiz v. Gaston County Dyeing Mach. Co.*, 277 F.3d 594, 597 (2d Cir. 2002); *Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) . Accordingly, the Court DISMISSES Count III.

    **D.**    **COUNT IV: PREDATORY LENDING**

In Plaintiff's claim for Predatory Lending, he argues that Defendant committed various misdeeds associated with the origination of the mortgage, such as taking "advantage of Plaintiff's inferior bargaining power in order to lock Plaintiff into severely unfavorable Notes and Mortgages." Plaintiff does not allege that Defendant committed these misdeeds per se but that Defendant is "liable for the same causes of action as Charter One and/or RBS Citizens, N.A. since they have benefited [sic] and continue to benefit financially from the fraud, misrepresentation, statutory and common law violations originally perpetrated by Charter One and/or RBS Citizens, N.A." Defendant disputes this "continuing business relationship" argument, stating that "Plaintiff has provided no evidence whatsoever that [Defendant] and . . . any other entity had a 'continuing business relationship.'"

Plaintiff's argument relies on the holding in *Rutter v. Troy Mortg. Serv. Co.*, 377 N.W.2d 846 (Mich. Ct. App. 1985). In that case, the Michigan Court of Appeals determined that the plaintiff had set forth a valid claim where she "sufficiently alleged a continuing business relationship and defendants never denied being assignees. . . . With respect to [the second assignee], plaintiff averred

6

that the mortgage was assigned to them and that they had knowledge of the defenses raised by plaintiff." *Id.* at 849.

Plaintiff acknowledges that Defendant played no role in the origination of the mortgage in question, stating in his affidavit, "Some time after the loan approval, Charter One and/or RBS Citizens, N.A. sold or otherwise transferred the junior loan to Defendant PHH, which has serviced the loan ever since." Unlike the plaintiff in *Rutter*, Plaintiff has not alleged that Defendant had knowledge of Plaintiff's grievances with his mortgage. Nor could Defendant have known of any grievance because Plaintiff did not file suit until years after Defendant began servicing the loan. Plaintiff's conclusory statement that Defendant was in a continuing business relationship with the entities responsible for the origination of his mortgage is insufficient.

Further, because Michigan has no statute entitled "Predatory Lending," the Court assumes that Plaintiff brings this claim under either the TILA or the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639. Actions arising under the TILA may be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). When a party alleges a violation arising under the HOEPA, the statute of limitations is three years from the date of the violation. *Id.*

In this matter, the mortgage originated on December 22, 2004. Plaintiff filed his complaint on January 16, 2009, well outside of both the one- and three-year limitations periods as set forth above. Because Plaintiff has not sufficiently alleged a continuing business relationship, is bringing this suit outside the limitations period, and does not address or otherwise respond to Defendant's statute-of-limitations argument in his response brief, the Court DISMISSES Count IV. *See* Part IV(c).

7

### E.   COUNT V: VIOLATION OF TRUTH IN LENDING ACT

For the reasons set forth in Part IV(d), the Court DISMISSES Plaintiff's TILA claim because it was filed outside the limitations period.

### F.   COUNT VI: FRAUDULENT MISREPRESENTATION

Plaintiff asserts that Defendant provided him with materially false property value and payment disclosures. Plaintiff also argues that Defendant "made false material misrepresentations by representing that property values on the mortgage market were much greater than they actually were." Defendant responds that it played no role in the origination of the mortgage. In the alternative, Defendant contends that Plaintiff has not alleged his fraudulent-misrepresentation claim with particularity as mandated by the Federal Rules of Civil Procedure.

Allegations of fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Thus, Plaintiff must, "at a minimum, . . . allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993) (internal quotation marks and citation omitted). Allegations of fraudulent misrepresentation "must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Advocacy Org. for Patients & Providers*, 176 F.3d at 322.

Plaintiff's allegations of fraud relate to the origination of the mortgage. Plaintiff, however, has not sufficiently alleged a continuing business relationship between Defendant and the entities responsible for the origination of the loan. *See* Part IV(d). Further, Plaintiff does not respond to Defendant's argument that he has not pleaded his fraud claim with sufficient particularity. *See* Part

IV(c). Therefore, the Court DISMISSES Count VI.

### G. COUNT VII: NEGLIGENT MISREPRESENTATION

For the reasons set forth in Parts IV(c) & (f), the Court DISMISSES Count VII.

### H. COUNT VIII: DEFAMATION OF CREDIT / VIOLATION OF FAIR CREDIT REPORTING PRACTICES ACT

In his complaint, Plaintiff argues that Defendant "has made or will make derogatory reports on Plaintiff's credit reports that are patently untrue." Plaintiff represents to the Court that he "has paid each of the mortgage loan payments on time and in full in order to keep his credit ratings in tact [sic]." Defendant counters that Plaintiff has missed multiple payments and is in default. Defendant argues that it has reported the true state of Plaintiff's account and because of that, Plaintiff's claim for defamation cannot lie.

To state a claim for defamation, Plaintiff must establish that Defendant: 1) made a "false and defamatory statement concerning the plaintiff"; 2) communicated the statement to a third party without privilege; and 3) acted with "fault amounting to at least negligence." *Williams v. Detroit Bd. of Educ.*, 306 Fed. Appx. 943, 946 (6th Cir. 2009) (quoting *Royal Palace Homes v. Channel 7 of Detroit*, 495 N.W.2d 392, 393–94 (Mich. 1992)). Additionally, Plaintiff must demonstrate that the "defamatory statement is actionable 'irrespective of special harm' [defamation per se] or that publication of the statement caused special harm [defamation per quod]." *Id.* (quoting *Royal Palace Homes*, 495 N.W.2d at 393–94). Defamation must be pleaded with specificity and Plaintiff "cannot rely on general, conclusory allegations." *Id.*

Plaintiff is not forthright about his situation. Defendant has provided the Court with Plaintiff's payment history, which indicates that he has, in fact, missed multiple payments. A closer inspection of Plaintiff's representations reveals that he believes he is not in default because "no

event of default could have occurred since Defendant attempts to charge Plaintiff improper amounts." Plaintiff bases his argument that he has not defaulted on the "background of the loan origination and servicing thereof" rather than his payment history. Plaintiff provides no legal support for his position and does not dispute the records that Defendant has produced. The Court DISMISSES Count VIII.

### I. COUNT IX: RESCISSION OF NOTES AND MORTGAGES

Plaintiff argues that the Court should rescind his mortgage agreement because Defendant's actions are "unconscionable" and "there was no mutuality of assent to the terms and conditions of the Notes and Mortgages." Plaintiff's argument, however, is untimely because an obligor's "right of rescission shall expire three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). The Court DISMISSES Count IX.

### J. COUNT X: REFORMATION OF NOTES AND MORTGAGES

For virtually the same reasons set forth in his Count IX, Plaintiff argues that his mortgage is subject to judicial reformation. Defendant responds that "[u]nless there is evidence of wrongdoing or some ambiguity, contracts cannot be unilaterally reformed." Defendant also argues that the Court "does not have the right to make a different contract for the parties."

The contractual remedy of reformation is equitable in nature. *Alexander v. Bosch Auto. Sys.*, 232 Fed. Appx. 491, 498 (6th Cir. 2007). Reformation is generally available "where the parties to a contract reached a valid agreement, but that mutually agreed-upon understanding was inadequately, mistakenly, or fraudulently conveyed in the writing." *Id.* The purpose of reformation "is not to make a new contract for the parties, but rather to adequately express the contract they have made for themselves." *Id.* at 498–99.

Here, Plaintiff's grievance is not that the mortgage agreements fail to reflect the parties' "agreed-upon understanding." Rather, Plaintiff questions actions associated with the origination of the agreements and asks the Court to essentially rewrite his mortgage contract. Plaintiff does not state a proper case for reformation. The Court DISMISSES Count X.

### K.  COUNT XI: VIOLATION OF MORTGAGE BROKERS, LENDERS, AND SERVICES LICENSING ACT

Plaintiff avers that Defendant's actions violated the Mortgage Brokers, Lenders, and Services Licensing Act, which provides that it is unlawful to "[f]ail to conduct the business in accordance with law, this act, or a rule promulgated or order issued under this act [or] [e]ngage in fraud, deceit, or material misrepresentation in connection with any transaction governed by this act." Mich. Comp. Laws § 445.1672. For the reasons set forth above, Plaintiff has not stated any viable claim against Defendant that could give rise to a claim under the statute. Accordingly, the Court DISMISSES Count XI.

### L.  COUNT XII: TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION

As the foregoing establishes, Plaintiff has not stated a claim upon which relief may be granted. Therefore, Plaintiff's claim for a temporary restraining order or preliminary injunction must also be DISMISSED.

## V. CONCLUSION

Plaintiff's response to Defendant's motion relies almost exclusively on the fact that discovery has not commenced in this matter. Although the Court is generally hesitant to grant dispositive motions prior to the close of discovery, the Court finds that discovery with respect to Defendant would not alter the fact that Plaintiff has not stated a claim upon which relief may be granted. The allegations in Plaintiff's complaint are moot, barred by limitations periods,

insufficiently pleaded, and otherwise fail to state claims upon which relief may be granted. Further, Plaintiff has waived several of his arguments by not responding to the arguments Defendant raises in its motion and brief.

For the reasons set forth above, the Court GRANTS Defendant's motion for summary judgment / dismissal [dkt 13].

Plaintiff filed his complaint against Defendant without a legal or factual basis. The Court finds that costs and reasonable attorney's fees may be appropriate in this matter because Plaintiff so multiplied the proceedings "unreasonably and vexatiously." 28 U.S.C. § 1927. Therefore, the Court ORDERS Defendant to submit to the Court an accounting of the costs and reasonable attorney's fees it incurred in defending this action within 30 days of the entry of this Opinion and Order. Plaintiff shall then have 14 days from the date of Defendant's submission to file any objections, if any, he has to Defendant's calculations.

Plaintiff has indicated that he will be amending his complaint to add an additional party as a defendant. Pursuant to the Court's April 24, 2009, Order, Plaintiff has until June 25, 2009, to add parties to the complaint. If he fails to do so by that date, the Court will dismiss this action in its entirety.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 23, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 23, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290